THE STATE, EX REL. COOK, APPELLANT, *v.* INDUSTRIAL
COMMISSION OF OHIO, APPELLEE.

[Cite as *State, ex rel. Cook, v. Indus.
Comm.* (1992), 63 Ohio St.3d 463.]

(No. 90–2028—Submitted December 10, 1991—Decided April 15, 1992.)

*Cranston & Brian Co., L.P.A.,* and *Richard F. Brian,* for appellant.

*Lee I. Fisher,* Attorney General, *Dennis L. Hufstader* and *Teresa Oglesby McIntyre,* for appellee.

---

*Per Curiam.* Both here and below, claimant devotes his entire argument to establishing a causal relationship between his current condition and his industrial injury. This point, however, is not in dispute. The appellate court upheld the denial of compensation, not for lack of causal relationship, but because there was no evidence that the condition was work-prohibitive.

Claimant ignores the fact that neither Dr. Rosen nor Dr. Steurer in their reports addressed claimant's ability to return to his former position of employment. In fact, Dr. Rosen specifically declined to answer the question on the reactivation claim form. Thus, the commission did not abuse its discretion in finding insufficient medical proof of temporary total disability.

The appellate court also correctly returned the cause to the commission for further consideration of claimant's C–85–A request for renewed medical treatment. While the medical evidence may not have supported temporary total disability compensation, the insufficiency of proof is less clear on the issue of further treatment, since there is medical evidence that links claimant's condition to his industrial injury. The commission is directed to find whether the medical evidence is insufficient on this issue, and to explain why it so concluded.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.